**In the Matter of the Debtor Estate of William SANDS, Jr. and Anna Theresa Sands, Debtors.**

**In the Matter of the Debtor Estate of Kenneth C. ROBINSON, Debtor.**

**In the Matter of the Debtor Estate of Charlotte R. SHORT, Debtor.**

**John F. RODGERS, Jr., Trustee, Plaintiff,**

v.

**Bradford ARTHUR, Defendant.**

**Bankruptcy Nos. 81–05852, 81–05880 and 81–05839.**

**Adv. Nos. 82–0085 to 82–0087.**

United States Bankruptcy Court, D. New Jersey.

June 14, 1982.

John F. Rodgers, Jr., Haddonfield, N. J., trustee pro se.

William L. Bowe, Woodbury, N. J., for defendant.

Hugh M. Leonard, U. S. trustee by Rosemary Gambardella, Newark, N. J.

## OPINION

WILLIAM LIPKIN, Bankruptcy Judge.

The three above named proceedings involve a common thread of facts and conclusions of law to be attached thereto.

Upon conclusion of the three trials a decision was rendered orally thereon identical

in finding of fact and law. The defendant has filed a Notice of Appeal and this written opinion is rendered upon all three estates.

Briefly, the facts are as follows:

On October 1, 1981 the Debtors, William Sands, Jr. and Anna Theresa Sands, filed a Petition for Relief[1] under the provisions of Chapter 7 of the Bankruptcy Code.[2] John F. Rodgers, Jr. was designated as the Interim Trustee by the United States Trustee.[3] Mr. Rodgers, upon his application, was appointed as attorney for the trustee, pro se.

The Petition does not name an attorney for the Petitioners. However, of critical interest is the "Revised statement of compensation" as required under the provisions of Rule 219(b) attached to the Petition for Relief.[4]

The statement sets forth the following information:

The undersigned, pursuant to Rule 219(b), Rules of Bankruptcy Procedure, states that the compensation paid or promised by the debtor(s), to the *undersigned*, is as follows:

For legal services rendered (including spouse if both file), Debtor agreed to pay . . . . . . . . . . . . . . . . . . . . . . . . . . . $ "None"

1. The date of execution of the Petition by the Debtors was August 20, 1981.

2. As disclosed in the Statement of Affairs, question 7, relating to "Prior Bankruptcy", the Debtors had filed a Petition in Bankruptcy under the Code on July 25, 1980 in this District, and had as their attorney David Daniels, a member of the Bar of New Jersey.

3. The District of New Jersey is a Pilot State under the provisions of 28 U.S.C. § 581 and Interim Trustees of all Estates are appointed by the United States Trustee, Hugh M. Leonard.

4. Bankruptcy Rule 219(b) provides:

Disclosure of Compensation Paid or promised to Attorney for Bankrupt. *Every attorney for a bankrupt*, whether or not he applies for compensation, shall file with the court on or before the first date set for the first meeting of creditors, or at such other time as the court may direct, a statement setting forth the compensation paid or promised him for the services rendered or to be rendered in connection with the case, the source of the compensation so paid or promised, and whether the *attorney* has shared or agreed to share such compensation with any other person. The statement shall include the particulars of any such sharing or

Prior to the filing of this Statement, Debtor (and spouse if applicable) has paid the undersigned . . . . . . . . . . . . .$ "160.00"

Balance due . . . . . . . . . . . . . . . . . . . . .$ "None"

The filing fee – has not been paid       "Installment Application Filed"

The services rendered or to be rendered include the following:

(a) Analysis of the financial situation, and rendering advice and assistance to the client in determining whether to file a petition under title 11, United States Code.       "None"

(b) Preparation and filing of the petition, schedules of assets and liabilities, and statement of affairs.

"Yes: Payment for typing of forms by my direction."

(c) Representation of the client at the first meeting of creditors.       "None"

The undersigned further states that the source of monies paid by the Debtor(s) to the undersigned was and is, earnings, wages and compensation for services performed, and

"Typing Service. Bradford Arthur, Box 211, Ardmore, Pa. 19003"

agreement to share by the *attorney*, but the details of any agreement for the sharing of his compensation with a member or regular associate of his *law firm* shall not be required. (Underlining added).

Rule 220 provides:

Examination of Bankrupt's Transactions with his Attorney

(a) Payment or Transfer to Attorney in Contemplation of Bankruptcy. On motion by any party in interest or on the court's own initiative, the court may examine any payment of money or any transfer of property by the bankrupt, made directly or indirectly and in contemplation of the filing of a petition by or against him, to an attorney for services rendered or to be rendered.

(c) Invalidation of Unreasonable Payment, Transfer, or Obligation. Any payment, transfer, or obligation examined under subdivision (a) or (b) of this rule shall be held valid only to the extent of a reasonable amount as determined by the court. The amount of any excess found to have been paid or transferred under subdivision (a) or (b) may be recovered for the benefit of the estate or the bankrupt, as their interests may appear . . . .

The undersigned further states that the undersigned has not shared, or agreed to share with any other person, other than with members of undersigned's law firm, any compensation, except as hereinafter set forth.

"None"

Typed at the bottom of the Statement were the words, "Pro-Se".

The Petition for Relief under Chapter 7 was filed by Kenneth C. Robinson on October 2, 1981.[5] The questions in the Statement required by Rule 219(b) was filled in substantially as in the Sands' Petition by Bradford Arthur, wherein he set forth that he was paid $160.00 prior to the filing of the Statement and that his services did not include an analysis of the financial situation and advice in determining whether to file a Chapter 11 petition instead of a Chapter 7 petition. He set forth that his "services rendered or to be rendered include the following:" on the printed statement,

Preparation and filing of the petition, schedules of assets and liabilities, and statement of affairs.

"Yes: Typing of (b) (forms) by direction of petitioner acting pro-se."

Representation of the client at the first meeting of creditors

"None"

The undersigned further states that the source of monies paid by the Debtor(s) to the undersigned was and is, earnings, wages and compensation for services performed, and

"Compensation for typing service."

The reference in the Statement as to whether the filing fee has or has not been paid was not completed either way.

The Petition for Relief under Chapter 7 was filed by Charlotte R. Short on September 30, 1981.[6]

The Statement required by Rule 219(b) reveals that it was submitted by Bradford Arthur. The answers to the queries in the Statement in this Estate are the same as in the Robinson Estate, to wit, he was paid $160.00 and he typed in the same responses that his services included typing of the forms by direction of petitioner acting prose and as to source of moneys was "compensation for typing services".

He indicated in the Statement that the filing fees were paid in this Estate.

Bradford Arthur gave as his address in all three Estates, Box 211, Ardmore, Pa. 19003.

John Rodgers, Jr. was designated as the Trustee in all three Estates by the United States Trustee, Hugh M. Leonard.

The Trustee has filed a complaint in all three Estates against Bradford Arthur wherein he stated:

4. It is the belief of the Trustee that the Defendant, BRADFORD ARTHUR acted as the attorney for the Debtors and that he is not authorized to practice law in the State of New Jersey and therefore, the $160.00 should be turned either over to the Trustee or to the Debtor.

5. Should the Court determine that MR. BRADFORD ARTHUR did not act as the attorney for the Debtor, but only as a "consultant", it is the belief of the Trustee, that the $160.00 is an unreasonable fee for "typing" the Petitions.

WHEREFORE, Judgment is demanded against the Defendant:

a. requiring the Defendant to turn over to the Trustee $160.00;

b. whatever remedy the Court sees reasonable and just.

In each of these cases in which the Debtor filed a Petition for Relief the machinery to file a Petition was generated by an advertisement in the Camden Courier Post newspaper whereby the reader was invited to call a number whereby the reader could obtain relief from their debts. The Debtors in the three Estates herein involved [7] called

---

5. The Petition and moving papers including the 219(b) Statement were executed by Debtor on August 28, 1981.

6. The Petition and supporting papers were executed by the Debtor on September 4, 1981.

7. I take judicial notice that other Petitions have been filed which were prepared by Bradford

the telephone number listed in the advertisement and inquired thereof, and subsequently they were all visited at their respective homes by Bradford Arthur, the defendant herein.

In each case he reviewed with them the names of their creditors, the real estate and personal property they owned and the value of such assets and had them pay him one half of his fee and he made lists of such facts. He told them his charge or fee, however it was called, was $160.00 and in each Estate he was then paid $80.00. He departed their respective homes and then returned with the Petition and Schedules completely typed up including the schedule which set forth their exemptions. In each of the Estates the exemptions consumed all of the assets set forth in the schedules.

Each of the Debtors then paid Arthur the balance of $80.00 and he was paid $60.00 by Sands and Robinson and Short for the filing fees.

The defendant, Bradford Arthur, is not a member of the Bar of New Jersey.[8] He would have this court accept his contention that he was not engaged in the practice of law when he advertised in the leading newspaper of the central and southern portion of New Jersey for engagement of his services by individuals who desired to be discharged of their debts, but only that he acted as a typing medium for individuals. His defense to the complaints of the Trustee on that ground is totally without reason and credibility. The execution of petitions to be relieved of debts by individuals is more than a ministerial act. The person who counsels a petitioner must know the law relating to ownership of real estate and liens thereon, as to who are "prior" creditors such as tax claimants and entry of such claimants on the proper schedules and whether an individual is actually a creditor.

The Petitioner is informed as to ownership of personal property and rights thereto. Particularly important under the Code, effective October 1, 1979, are the exemptions to which a Petitioner is entitled. It is clear from the testimony and the schedules actually filled in by Arthur that he took advantage of the exemptions afforded to the Petitioners. He went over with the Petitioners their assets and liabilities. Then he made them out for each of the Petitioners— the Petition, the Schedules and Statement of Affairs, plus the Bankruptcy Rule 219 Statement. Arthur outdid his canniness when he, in order to try to establish that his only function was as a typist, answered the query in the Rule 219 statement of the *source* of the fund from which he was paid as "typing service".

It is clear from the facts in these cases that Arthur was engaged in the unauthorized practice of law in this State. His activity in this State clearly fell within the parameters defined by Judge King in the decision rendered against him in the case of *In the Matter of Bradford Arthur*, 15 B.R. 541, 8 B.C.D. 459, 460 (Bkrtcy.E.D.Pa.1981) wherein services of a legal nature:

... include: (1) advising and counseling "clients" as to the various provisions of the Bankruptcy Code, [2] including exemptions, dischargeability and the automatic stay, (2) advising and counseling members of the general public on the relative advantages of filing a petition for liquidation under Chapter 7 of the Bankruptcy Code (the Code) versus filing a petition for an adjustment of debts under Chapters 11 or 13 of the Code, (3) actually (and almost exclusively) preparing and filing Chapter 7 petitions and (4) preparing and filing applications to pay filing fees in installments. For the reasons set forth below, we hold that the

Arthur after he consulted with such other Debtors. Under Rule 220(a) set forth above the court, "... on the court's own initiative, the court may examine any payment of money ... by the bankrupt, made directly or indirectly and in contemplation of the filing of a petition by or against him, to any attorney for services rendered or to be rendered."

8. Though Arthur gave as his address, Ardmore, Pa., he is not a member of the Bar of Pennsylvania and has been enjoined from the unauthorized practice of law in Pennsylvania by engaging in the same activity as in the State of New Jersey, as above set forth. See *In the Matter of Bradford Arthur*, 15 B.R. 541, 8 B.C.D. 459 (Bkrtcy.E.D.Pa.1981, B.J. King).

various services which the respondent performs constitute the practice of law. The proper protection of the members of the public demands that no person be permitted to perform these legal services in connection with a bankruptcy proceeding unless he is a member of the bar and is subject to the requirements and regulations of the legal profession. Accordingly, the respondent is hereby directed to comply fully with the Order of this Court. Failure to comply with any provision of this Order will result in the imposition of sanctions.

The decision then cites a decision of Judge Goldhaber dated March 18, 1981, involving the conduct of the same defendant, Bradford Arthur, and whether it was established that he was engaged in the unauthorized practice of law, page 461, sequi. The conclusions of law reached by Judge Goldhaber, page 462, are well founded to the effect that Arthur was actively in their court, engaged in the unauthorized practice of law, and I do find that his conduct in this State was of the very same nature.

For an individual to practice law in this court the individual must comply with local Bankruptcy Rule 1 which relates to admission of attorneys. Rule 1 provides:

(a) The Bar of this Court shall consist of:

(1) any attorney admitted to practice before the United States District Court for the District of New Jersey, and the Local Rules of the United States District Court governing practice by attorneys shall apply;

(2) Local Rules of the District Court number 4 and number 5 are incorporated herein by reference

Briefly stated Rule 4 and 5 of the Local Rules for the United States District Court for the District of New Jersey provide that the bar of this court will consist of members admitted to practice before that court or may be hereafter admitted. The District Court Rule 5 requires that a member of the court who does not have an office within the District of New Jersey must in each cause in which he appears file an appointment of a member of the bar of this court who does maintain an office upon whom pleadings and orders may be served and who may be obliged to attend before the court, etc.

The Rules of our Court are, in effect, to give litigants the protection to which they are entitled when they engage the services of an attorney. It is not for the economic benefit of members of our Bar. Arthur has engaged himself in the unauthorized practice of law in this State and is not subject to sanctions that are normally available to the judges and litigants that must appear in the courts of our State, in the event of wrongdoing on the part of such advocate. The expert advice of such persons may be faulty and ill conceived.

The court would not be able to control the conduct of Arthur should he not be a member of this Bar. Consequently he was not privileged to practice law in this District. Since he did engage in the unauthorized practice of law, he had no right to collect fees arising out of such activity.

Bankruptcy Rule 220(a), set forth above, permits the court to examine into the payment of money by a bankrupt to an attorney for services rendered or to be rendered and, as set forth in 220(c), may order repayment for the benefit of the Estate or to the Debtor. The defendant, Bradford Arthur, has rendered legal services to the Debtors in violation of our Rules. He should not be able to retain such funds at the expense of individuals he had no right to represent. It was not necessary for him to appear in court upon their behalf in order to constitute unauthorized legal representation. Clearly, if this court has jurisdiction to review fees of attorneys admitted to practice law in this District, it has jurisdiction to pass upon and prevent collection of fees by persons who engage in the unauthorized practice of law in this District. I am of the opinion that the Debtors have been wronged rather than the Estate of the Debtor and, therefore, the fees paid by them to Arthur must be returned by him to them for their benefit.

I have heretofore orally, at the time of the trial, ordered that the conduct of Arthur in engaging in the unauthorized practice of law is to be reported by the Trustee to the Unauthorized Practice of Law Committee of the New Jersey State Bar.

For the foregoing findings of fact and conclusions of law, a judgment shall be entered that Bradford Arthur pay to each of the Debtors herein the sum of $160.00.